IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2023 Session

## CAPRICE MCLEMORE ET AL. v. KNOX COUNTY, TENNESSEE

**Appeal from the Circuit Court for Knox County**
**No. 2-361-17     William T. Ailor, Judge**

_____

### No. E2022-01754-COA-R3-CV
_____

Caprice McLemore, Gary McLemore, Misty Tanner, Barrett Tanner, and McKinley Tanner (together, "Plaintiffs" or "Appellants") appeal from the judgment of the trial court dismissing their case against the defendant, Knox County ("Appellee" or "the County"). Appellants were injured in a car accident on Clinton Highway after being struck by a vehicle driven by Roy Michael Simmons ("Mr. Simmons"), who was evading a Knox County sheriff's deputy. Plaintiffs filed suit against the County, alleging that it was liable for their injuries arising from the accident. Following a bench trial, the trial court concluded that the deputy pursuing Mr. Simmons did not act unreasonably under the circumstances and that the County was thus not liable for Plaintiffs' injuries. Plaintiffs timely appealed to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Henry S. Queener, Nashville, Tennessee, for the appellants, Caprice McLemore, Gary McLemore, Misty Tanner, McKinley Tanner, and Barrett Tanner.

J. Myers Morton, Knoxville, Tennessee, for the appellee, Knox County, Tennessee.

### OPINION

#### BACKGROUND

On September 30, 2016, Knox County Sheriff's Deputy Bernie Lyon ("Officer Lyon") stopped at a red light in his unmarked cruiser at the intersection of Clinton Highway and Beaver Creek Road. While waiting in the left-hand turn lane, Officer Lyon witnessed

Mr. Simmons's maroon Taurus run through the red light at an estimated speed of fifty to sixty miles per hour. Unknown to Officer Lyon at the time, Mr. Simmons was driving under the influence of a high concentration of methamphetamine. Charles Miller was riding in Mr. Simmons's passenger seat. Officer Lyon activated his blue lights and followed the Taurus, attempting to pull Mr. Simmons over for a traffic violation.

Mr. Simmons turned right on Emory Road into a Weigel's parking lot and slowed, as if to stop, before accelerating into a nearby shopping center at thirty to forty miles per hour. Officer Lyon activated his sirens and continued to pursue the vehicle. Mr. Simmons then sped through a Pizza Hut parking lot at forty to fifty miles per hour before pulling back onto Clinton Highway, where his vehicle began fishtailing. As the two cars re-entered Clinton Highway, Officer Lyon contacted dispatch to ask whether the fleeing Taurus was registered or reported as stolen. Depending on the results, Officer Lyon planned to terminate the pursuit and apprehend Mr. Simmons at the address associated with the Taurus. However, the dispatch system was down and Officer Lyon did not receive verification.

With no further information available, Officer Lyon continued the pursuit onto Clinton Highway with his lights and sirens on. Both vehicles reached a speed of approximately eighty miles per hour. After one mile, Officer Lyon realized he and Mr. Simmons were approaching a particularly dangerous, curvy section of Clinton Highway. Officer Lyon decreased his speed, turned off his sirens, and moved into the right-hand lane, keeping his blue lights on. Officer Lyon could still see Mr. Simmons's vehicle. The pursuit from the Pizza Hut parking lot to the point at which Officer Lyon slowed down and deactivated his sirens lasted approximately one minute and ten seconds.

Shortly thereafter, Mr. Simmons lost control of his vehicle, crossed over the double yellow lines, and collided with oncoming traffic. Mr. Simmons ultimately crashed into a vehicle containing Appellants Caprice McLemore, Misty Tanner, and McKinley Tanner, all of whom were injured. Mr. Simmons and Mr. Miller were killed in the accident.

On September 28, 2017, the injured parties[1] brought an action against the County pursuant to the Governmental Tort Liability Act ("GTLA"), alleging that Officer Lyon negligently commenced and continued pursuit of the Taurus, that the pursuit caused the accident, and that Officer Lyon violated the relevant Sheriff's Department policy over the course of the pursuit.[2] They claimed that Officer Lyon should not have pursued Mr.

---

[1] Gary McLemore is the husband of Caprice McLemore, and Barrett Tanner is the husband of Misty Tanner. McKinley Tanner is the child of Mr. and Mrs. Tanner.

[2] Mr. Miller's parents also filed suit against the County, but they did not succeed at trial and declined to participate in this appeal.

Simmons and that the resulting injuries and damages were caused by Officer Lyon's, and therefore the County's, negligence.

The trial court held a two-day bench trial commencing on May 10, 2022. Both sides presented several witnesses. Appellants called Dr. Geoffrey Alpert, a criminology and criminal justice professor who researches high-risk police activities. Dr. Alpert testified about a pertinent Knox County Sheriff's Office General Order ("the Order"), which provides that officers in unmarked vehicles may only engage in high-speed pursuits involving felonies or incidents presenting an immediate threat to life or property. The Order also defines "termination" of a police pursuit as turning off blue lights, disengaging sirens, and stopping the vehicle. Dr. Alpert testified that Officer Lyon violated the Order because he pursued Mr. Simmons in an unmarked police car based only on a traffic violation and failed to properly terminate the pursuit by keeping his blue lights on and failing to stop his vehicle. Dr. Alpert opined that Officer Lyon should have turned off his lights and brought his vehicle to a stop within fifteen seconds of re-entering Clinton Highway from the Pizza Hut parking lot.

Officer Lyon, who has forty years of experience as a police officer, testified on behalf of the County. He testified that he planned to terminate the pursuit as soon as he discerned the status of the Taurus from dispatch. Officer Lyon testified that he decided to keep his blue lights on as he slowed down on Clinton Highway to alert other drivers to the danger posed by what Officer Lyon described as Mr. Simmons's reckless driving. The County's Medical Examiner also testified, opining on the high concentration of methamphetamine in Mr. Simmons's system on the day of the accident and noting that this impairment would have affected his ability to drive.

The trial court held that there was insufficient evidence to establish that the initiation or manner of Officer Lyon's pursuit was unreasonable. While the trial court found that Officer Lyon violated the Order, it accepted Officer Lyon's justifications for pursuing Mr. Simmons and failing to terminate the pursuit exactly as prescribed. The trial court also concluded that Officer Lyon was a credible witness. From Officer Lyon's perspective, the trial court reasoned, Mr. Simmons appeared to commit multiple serious offenses after his initial traffic violation. The trial court attributed the accident to other causes, including Mr. Simmons's intoxication, high speed, the fact that the Taurus had bald tires, and the particularly dangerous stretch of Clinton Highway at which the accident occurred.

The trial court entered its final judgment on November 17, 2022, and Appellants timely appealed to this Court.

## ISSUE

Appellants raise a single issue on appeal, which we restate slightly:

I. Whether the record preponderates against the trial court's conclusion that the County was not negligent because Officer Lyon did not act unreasonably.

## STANDARD OF REVIEW

This case was tried as a bench trial. Accordingly, our review is *de novo* with a presumption of correctness afforded to the trial court's factual findings. We do not disturb a trial court's findings of fact unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Stated differently, to overturn the trial court's factual findings, the evidence "must support another finding of fact with greater convincing effect." *Edmunds v. Delta Partners, L.L.C.*, 403 S.W.3d 812, 821–22 (Tenn. Ct. App. 2012). Additionally, we must accept the trial court's witness credibility findings unless there is clear and convincing evidence indicating otherwise. *Branch Banking and Trust Co. v. Hill*, 582 S.W.3d 221, 229–30 (Tenn. Ct. App. 2019) (holding that such determinations "are entitled to great weight on appeal and shall not be disturbed" without such evidence). However, we review the trial court's conclusions of law with no presumption of correctness. *Union Carbide Corp.*, 854 S.W.2d at 91.

## DISCUSSION

Here, the trial court found that Officer Lyon did not act unreasonably in his pursuit of Mr. Simmons and thus was not responsible for the accident in which Appellants were injured. The trial court reasoned that given Mr. Simmons's erratic driving and the limited information known to Officer Lyon at the time, Officer Lyon's decision to pursue was justified. Appellants argue that the trial court erroneously relied on Mr. Simmons's heavy intoxication and failed to give Officer Lyon's violation of the Order proper weight. The County argues that the pursuit was not unreasonable due to the threat to public safety and that Mr. Simmons's behavior, intoxication, and the state of his tires caused the accident. Following thorough review of the record and briefs, we agree with the trial court.

### *Governmental Liability*

First, we must determine if Officer Lyon's decision to commence or continue the pursuit was unreasonable such that the County may be held liable under the GTLA. The GTLA shields public entities such as the County from general civil liability. Tenn. Code Ann. § 29-20-201 (2013). This immunity is removed under certain conditions, including for injuries caused by the negligent operation of motor vehicles "in the scope of

[governmental] employment." Tenn. Code Ann. § 29-20-202(a) (2013). However, the GTLA provides some special protections for law enforcement. For example, police officers are permitted to disregard certain traffic regulations during a vehicle pursuit, so long as they exercise due regard for public safety. Specifically,

> [t]he fact that law enforcement personnel pursue an actual or suspected violator of a law or ordinance who flees from pursuit shall not render the law enforcement personnel, or the employers of the law enforcement personnel, liable for injuries to a third party proximately caused by the fleeing party **unless the conduct of the law enforcement personnel was negligent and that negligence was a proximate cause of the injuries to the third party**.

Tenn. Code Ann. § 55-8-108(e) (emphasis added). Section 55-8-108 is "an exception" to section 29-20-202 "which permits law enforcement and emergency personnel to disregard certain rules of the road in limited circumstances." *Fawcett v. Adreon*, No. M2000-00940-COA-R3-CV, 2001 WL 950159, at *2 (Tenn. Ct. App. Aug. 21, 2001).

Nonetheless, "an officer's decision to commence or continue a high-speed chase . . . may form the basis of liability in an action brought by a third party who is injured by the fleeing suspect, if the officer's decision was unreasonable." *Haynes v. Hamilton Cnty.*, 883 S.W.2d 606, 611 (Tenn. 1994). *Haynes* is the seminal Tennessee case regarding civil liability arising from high-speed police chases, and both parties address it in their briefing. In *Haynes*, a police sergeant witnessed a car with no taillights use the left-hand turn lane to pass another car while traveling approximately fifteen miles over the speed limit. *Id.* at 608. The sergeant pursued with his lights and sirens on for two and one-half to three miles. *Id.* The fleeing vehicle reached, and most likely exceeded, one hundred miles per hour before the driver lost control, crossed over the center line, and collided with an oncoming vehicle. *Id.* All three teenaged occupants of the oncoming vehicle were killed, and their parents filed suit against Hamilton County. *Id.*

In the ensuing GTLA action, our Supreme Court held that "conduct" as referenced in section 55-8-108(e) includes the decision to commence or continue a high-speed police chase and that such a decision may give rise to a cause of action for a third party injured as a result—overturning precedent that narrowly construed "conduct" to mean only the physical operation of a police vehicle. *Id.* at 610–11; *contra Nevill v. City of Tullahoma*, 756 S.W.2d 226, 233 (Tenn. 1988); *Kennedy v. City of Spring City*, 780 S.W.2d 164, 166 (Tenn. 1989).

The *Haynes* Court concluded that to hold a governmental entity liable for negligently initiating or proceeding with a police pursuit, a plaintiff must show that the police officer's decisions were unreasonable. *See Haynes*, at 611 (footnote omitted) ("The general public has a significant interest in not being subjected to unreasonable risks of

injury as the police carry out their duties."). The Court explained that "an officer's decision to commence or continue a high-speed chase is encompassed within the statutory term 'conduct' and may form the basis of liability in an action brought by a third party who is injured by the fleeing suspect, if the officer's decision was unreasonable." *Id.*

Under *Haynes*, "determining whether the decision to initiate or continue pursuit is reasonable" requires weighing "the risk of injury to innocent third parties . . . against the interest in apprehending suspects." *Id.* The non-exclusive factors for this analysis include: "the speed and area of the pursuit, weather and road conditions, the presence or absence of pedestrians and other traffic, alternative methods of apprehension, applicable police regulations, and the danger posed to the public by the suspect being pursued." *Id.* Importantly, police conduct "should be viewed in light of how a reasonably prudent police officer would respond under the circumstances, and not judged with the perfect vision afforded by hindsight." *Id.*

After articulating the factor test, the *Haynes* Court went on to explain that all negligence claims require proof of: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." *Id.* (citing *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993); *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991)). Ultimately, as the trial court had determined that a police officer's conduct in a high-speed chase could not, as a matter of law, be considered the proximate cause of injuries to third parties, the *Haynes* Court remanded the case back to the trial court to proceed to trial. *Id.* at 613.

We understand *Haynes* as calling for a two-fold analysis. First, applying the non-exclusive factors listed above, we must determine whether Officer Lyon's decision to initiate or continue pursuit was unreasonable. If his actions were unreasonable, they "may form the basis of liability" against the County under Tennessee Code Annotated section 55-8-108(e). If Officer Lyon's actions were unreasonable and a claim against the County may lie, we must also consider whether the essential elements of negligence were proven, including proximate cause. *See Spurlock v. Jackson Cnty.*, No. M1999-01407-COA-R3-CV, 2000 WL 1231381, at *3 (Tenn. Ct. App. Aug. 31, 2000) (explaining that "[n]ot only must the [*Haynes*] requirements be met but, in Tennessee, no claim for negligence can succeed in the absence of" the essential elements for negligence including proximate cause).

*Haynes factors*

Looking first at the non-exclusive *Haynes* factors, we conclude that the trial court correctly applied these factors, and we agree with the outcome reached; specifically, that Officer Lyon did not act unreasonably under the circumstances. The trial court found that

on the day of the accident, traffic was light, the weather was clear and sunny, and the roads were dry. The record preponderates in favor of these findings. No pedestrians were present as the vehicles re-entered Clinton Highway, the highest-speed portion of the pursuit. Officer Lyon considered alternate methods of apprehension but could not pursue those alternate methods without information from dispatch, which was down at the time. Officer Lyon testified that he would have terminated the pursuit had he received that information.

Appellants also argue in their brief that the trial court "[misstated] the facts" in concluding that Officer Lyon decreased his speed because the Taurus was within his sight "all the way through impact." However, other facts in the record easily explain this, such as the relatively short distance of the pursuit and the fact that the relevant section of Clinton Highway features a long straightaway before giving way to S-curves. The trial court found Officer Lyon to be a credible witness and gave his testimony "great weight," which we are bound to honor absent clear and convincing evidence indicating otherwise. *See Branch Banking and Trust Co.*, 582 S.W.3d at 229. Appellants have made no such argument on appeal.

Other *Haynes* factors considered include "applicable police regulations" and "danger posed to the public" by the fleeing suspect. *Haynes*, at 611. The trial court found that Officer Lyon violated the Order by pursuing Mr. Simmons for what amounted to a minor traffic offense—running a red light—in an unmarked cruiser and failing to turn off his lights or stop his car to officially terminate the pursuit. However, the trial court determined that this violation of the Order was insufficient to render the pursuit unreasonable given the surrounding circumstances. We agree. Officer Lyon could have reasonably interpreted Mr. Simmons's speed of fifty to sixty miles per hour, refusal to pull over, and erratic driving as reckless endangerment and evading arrest—both of which pose a danger to the public beyond a simple traffic violation. Further, the pursuit itself was limited in time and distance. After re-entering Clinton Highway, Officer Lyon followed Mr. Simmons for approximately one minute and ten seconds over a distance of just one mile before decreasing his speed in anticipation of the upcoming S-curves. Given the totality of these circumstances, we agree with the trial court that Officer Lyon did not act unreasonably despite his violation of the Order.

Applicable police regulations are but one factor in the *Haynes* analysis, which is not a black and white test. Rather, the factors are non-exhaustive. *Id.* Although Officer Lyon's violation of the Order militates against the County under *Haynes*, this single factor does not carry the day in this particular case; indeed, essentially every other factor weighs in Officer Lyon's favor. Accordingly, we cannot agree with Appellants that the "applicable police regulations" factor is dispositive here or that the trial court erred by not weighing this factor most heavily. This is especially true in light of *Haynes*' mandate that we view Officer Lyon's conduct "in light of how a reasonably prudent police officer would respond under the circumstances, and not judged with the perfect vision afforded by hindsight." *Id.*

On appeal, Appellants also argue that the trial court based its ruling that Officer Lyon did not act unreasonably on information unknown to Officer Lyon at the time, namely that Mr. Simmons was driving under the influence of methamphetamine as later determined by the Medical Examiner. While Mr. Simmons's intoxication is most relevant to the evaluation of proximate cause, we find that it was not inappropriately considered in the trial court's application of *Haynes*. Rather, the trial court correctly considered all applicable factors and the surrounding circumstances in its final judgment. Again, considering the totality of the circumstances, we agree with the trial court's finding that Officer Lyon did not act unreasonably in this case.

This conclusion is consistent with our prior opinions applying *Haynes*. *See, e.g.*, *Spurlock*, at \*3 (finding that police pursuit on road with little traffic when weather was clear was not unreasonable); *Hardeman Cnty v. McIntyre*, 420 S.W.3d 742, 753–54 (Tenn. Ct. App. 2013) (concluding that given favorable road and weather conditions, an ambulance driver's decision to drive over the speed limit was neither unreasonable nor the proximate cause of a collision with another driver who failed to yield while turning).

Instances in which police officers have been found to have acted unreasonably under *Haynes* and identified as the proximate cause of third-party injuries are rare and distinguishable from this case. In one such instance, a Clarksville police officer followed a black pickup truck upon receiving information from dispatch that such a vehicle had fled the scene of nearby gunshots. *Smith v. Cherry*, No. M2005-01168-COA-R3-CV, 2006 WL 1724629, at \*1 (Tenn. Ct. App. June 22, 2006). While the officer was still pursuing the truck, dispatch instructed him to disregard the earlier transmission. *Id.* The officer informed dispatch that he had terminated the pursuit and turned off his lights and siren, but he continued to follow the truck through an apartment complex parking lot. *Id.* After exiting the complex at a high speed, with the officer still close behind, the truck collided with an oncoming motorcycle. *Id.* The trial court found, and this Court affirmed, that the police officer breached his duty of care and was thus negligent. *Id.* at \*5. The instant case is distinguishable from *Smith*, where the police officer, contrary to instructions from dispatch, closely followed the fleeing vehicle "through [a] congested area." *Id.* Officer Lyon, on the other hand, reduced his speed, pulled into a slower-moving lane of traffic, and turned off his siren, despite a lack of confirmation from dispatch, all out of concern for public safety.

Given the foregoing, the trial court correctly concluded that Officer Lyon did not act unreasonably under *Haynes*. Thus, the County is not liable to Appellants under Tennessee Code Annotated section 55-8-108. We, therefore, affirm the trial court's judgment and affirm the dismissal of all claims against the County.

**CONCLUSION**

The judgment of the Knox County Circuit Court is affirmed.  Costs on appeal are assessed to the appellants, Caprice McLemore, Gary McLemore, Misty Tanner, McKinley Tanner, and Barrett Tanner, for which execution may issue if necessary.


_____
KRISTI M. DAVIS, JUDGE